IN RE THE BALLOT MARKS.

Under Pub. Laws R. I. cap. 731, § 18, of March 29, 1889, " The Australian Ballot Act," the cross indicating the candidate voted for must be placed on the right side of his name and opposite to it.

*In re the Vote Marks* 17 R. I. 812, affirmed.

STATE OF RHODE ISLAND, EXECUTIVE DEPARTMENT.

May 19th, 1893.

*To the Honorable Judges of the Supreme Court:*

GENTLEMEN : I desire to receive the opinion of your Honorable Body upon the following :

Section 18 of Chapter 731 of the Public Laws passed at the January session of the General Assembly, 1889, entitled "An act to provide for printing and distributing ballots at the public expense, and to regulate voting at State and Congressional elections," provides that the elector "shall prepare his ballot by marking in the appropriate margin a cross opposite the name of the candidate of his choice for each office to be filled." And section 6 of the same act provides that each ballot "shall be so printed as to give each voter a clear opportunity to designate by a cross mark in a sufficient margin at the right of the name of each candidate his choice of candidates," *etc., etc.*

Can a cross placed at the right of a blank space below the names of candidates on an official ballot and opposite no name thereon, be counted for any candidate on said ballot ?

D. RUSSELL BROWN, *Governor.*

OPINION OF THE COURT.

*May 24, 1893.*

*To His Excellency, D. Russell Brown, Governor of the State of Rhode Island and Providence Plantations :*

We have received a communication from your Excellency referring to Public Laws, Rhode Island, Chapter 731, sections 6 and 18, and asking our opinion on the question, whether, in view of these provisions, a cross placed at the right of a blank space below the names of candidates, on an official ballot and opposite no name thereon, can be counted for any candidate on said ballot.

We think the question must be answered in the negative.

Section 6 provides that each ballot "shall be so printed as to give each voter a clear opportunity to designate by a cross

mark in a sufficient margin at the right of the name of each candidate his choice of candidates," etc.   Section 18 provides that the elector "shall prepare his ballot by marking in the appropriate margin a cross opposite the name of the candidate of his choice for each office to be filled."   This requirement is both explicit and easy of observance.   If complied with, there can be no uncertainty in regard to the elector's intention.   Moreover, a cross so placed affords no means of subsequently identifying the ballot, as it might if placed in a different position from that directed.   The placing of any mark by a voter on a ballot, by which it may be identified as the one voted by him, is prohibited by said section 18.

We are still of the opinion as stated *In re the Vote Marks*, 17 R. I. 812, that to give validity to a ballot the cross must be inscribed on it to the right of a name printed or written on it and opposite to the name.

Owing to the absence of Mr. Justice Rogers from the State we have been unable to confer with him.

<div align="right">

CHARLES MATTESON,
JOHN H. STINESS,
P. E. TILLINGHAST,
GEORGE A. WILBUR,
WM. W. DOUGLAS.