In re Contested Election of John J. Flynn.  Appeal of John J. Flynn.

*Election law—Marking of ballots.*

The mark of a one (1) in a square provided in the official ballot for a cross mark, or a cross mark (×) in a square below such square, has not the effect of a cross mark (×) in the proper place for it.

Argued Feb. 22, 1897.  Appeal, No. 244, Jan. T., 1896, by John J. Flynn, from order of Q. S., Lackawanna Co., April T.,

1894, No. 145, in an election contest.  Before WILLIAMS, MC-
COLLUM, MITCHELL, DEAN and FELL, JJ.  Reversed.  MITCH-
ELL, J. dissents.

Election contest between Edward J. Burke and John J. Flynn
to determine who was elected to the office of councilman for
the third ward of the borough of Olyphant.  Before ARCH-
BALD, P. J.

The record showed that there were three votes in dispute,
and that these were in the following form:

The court below decided that the three votes in dispute were
cast for Edward J. Burke.

*Error assigned* was order declaring the election of Edward J.
Burke.

*C. P. O'Malley* and *Everett Warren*, with them *Henry A.
Knapp*, for appellant.—While the question of the proper mark-
ing of a ballot under the act of 1893 was undecided at the time
the opinion was delivered in the lower court in this case, the
Supreme Court by its decision in the case of Redman's Appeal,

173 Pa. 59, has set all doubts at rest.  That case, as well as the case of McCowin's Appeal, 165 Pa. 233, held that the voter who desires to vote for a person must do so by marking as directed by the act, and says that so far as the mode of voting is specifically prescribed by the act, all other modes are by necessary implication forbidden.  Expressio unius est exclusio alterius.

No paper-book was filed or argument offered for appellee.

OPINION BY MR. JUSTICE McCOLLUM, May 27, 1897 :

The specifications of error raise but one question and that is, whether the ballots mentioned in them should have been rejected as illegal and void, because they were not marked in accordance with the 14th and 22d sections of the Act of June 10, 1893, P. L. 425 and 430.  It is conceded that the ballots were not so marked as "to meet the exact requirements of the law," but the learned court below, believing that the marking was intended as a compliance with it, held that they were valid.  So much of the act of 1893 as is applicable to this case will be found in sections 14 and 22.  The pertinent part of the former is that "the ballots shall be so printed as to give to each voter a clear opportunity to designate his choice of candidates by a cross mark ($\times$) in a square of sufficient size at the right of the name of each candidate, and inside the line enclosing the column . . . , and the pertinent part of the latter is—that "he (the voter) shall mark in the appropriate margin or place a cross ($\times$) opposite the name of the candidate of his choice for each other office to be filled."  The ballots in question are not marked alike. There is no cross mark on either of them in the square provided for it.  On two of the ballots "the mark of a one " (1) appears in the square provided for the cross mark ($\times$), and on one of these there is a cross mark in the square directly below the square to the right of and opposite the name of the candidate. On one of the ballots in question there is no mark in the square opposite the name of the candidate, but there is a cross mark ($\times$) in the square below it.  Not one of these ballots is marked according to law.  In McCowin's Appeal, 165 Pa. 233, the present Chief Justice, after quoting from sections 14 and 22 of the act, said : "The marking mentioned in the last quotation is applicable

only to candidates whose names are printed on the official ballot. They cannot be legally voted for in any other way than by marking as specified in said section." The case cited, and Redman's Appeal, 173 Pa. 59, differ in their facts from the case in hand, but the principle on which they were decided is applicable to and governs the latter. To hold that the ballots in question are valid is to set aside the plain provisions of the act prescribing the place and manner of " marking," and to substitute therefor the surmises of the election officers and the courts respecting the intention of the voter.

The presumption is that the voter knows where and how to mark his ballot. He is furnished on his request with a card of instruction and a specimen ballot, and if by reason of any disability he desires assistance in the preparation of his ballot he is permitted to select a qualified elector of the district to aid him in the preparation of it. Compliance with the provisions of the act of 1893 furnishes the only safe guide to the intention of the voter, and the facilities afforded for such compliance are quite sufficient to render noncompliance inexcusable. For reasons already stated we decline to hold that the mark of a one (1) in the square provided for the cross mark, or a cross mark ($\times$) in the square below it has the effect of a cross mark ($\times$) in the proper place for it. It follows that the ballots in question should have been rejected as illegal. They were counted for Edward J. Burke for the office of councilman of the third ward of the borough of Olyphant. Fifty-two legal votes were cast for him for said office, and fifty-three legal votes were cast for his opponent, John J. Flynn, for the same office. Flynn having received a majority of the legal votes cast for said office was duly elected thereto and entitled to the same.

The decree of the court of quarter sessions is reversed and set aside, and it is ordered that the costs be paid by the petitioners.