---

(20 App. Div. 48.)

PEOPLE ex rel. BANTEL v. MEHRER et al.

(Supreme Court, Appellate Division, Second Department. July 13, 1897.)

1. MANDAMUS—ALTERNATIVE WRIT.
    Alternative writ need not be issued where, on the proof, there is no dispute of facts; Code Civ. Proc. § 2070, authorizing peremptory writ, in the first instance, where applicant's right to mandamus depends only on questions of law.

2. BALLOTS—CROSS MARK.
    The cross mark on a ballot need not be perfect to entitle the ballot to be counted.

3. SAME—PLACE FOR CROSS.
    Under Election Law, § 105, as amended by Laws 1896, c. 909, providing that the voter shall make a cross in the voting space "before" the name of each candidate for whom he desires to vote, a ballot will not be counted for

any candidate for trustee, no cross being placed before any name printed thereon, though one is placed after one of the printed names, in the space provided for voting for a person whose name may be written in the blank at the right, no name, however, being written therein.

Appeal from special term, Westchester county.

Proceeding, on the relation of Matthaus Bantel, against Frederick A. Mehrer and others. From an order directing issuance of a peremptory writ of mandamus, commanding the defendant inspectors to count for the relator certain votes for the office of trustee of the village of New Rochelle, on two ballots which were voted at the village election held April 20, 1897, certain of the defendants appeal. Reversed in part.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

Roger M. Sherman, for appellants.
Michael J. Tierney, for respondent.

WILLARD BARTLETT, J. This is a proceeding under section 114 of the election law, as amended by chapter 909, Laws 1896, to determine "whether any ballot and the votes thereon which has been rejected by the inspectors as void shall be counted." The ballots in question were two in number, which appear to have been duly delivered to the inspectors, by persons entitled to vote at the village election held in New Rochelle, on April 20, 1897. One of these ballots was not counted at all, but was treated as void, because the mark within the circle at the head of the Democratic ticket was something more than merely a cross. The votes upon the other ballot for three of the four offices to be filled were counted, but it was treated as blank so far as the office of trustee was concerned. In respect to the three other offices, it was properly marked by a cross at the left of the names of the respective candidates for those offices which appeared in the Republican column. The Republican candidate for trustee was Charles H. Morgan, who intervenes in this proceeding. The Democratic candidate was Matthaus Bantel, the relator. No cross appeared in the proper place at the left of either of their names. But in the column upon the blank ballot which is provided for the use of such electors as desire to vote for persons not formally nominated, and whose names are not printed thereon, a cross had been placed by the voter in the space at the left of the blank headed "For Trustee." No name, however, had been written under those words, and therefore the inspectors evidently deemed the mark a nullity. It had no meaning with reference to the column of blank spaces in which it appeared, and, if it was intended to be a vote for the relator whose name was in the next column, the mark should have been in that column, and at the left of the relator's name. The statute provides that the voter "shall make a cross (x) mark in the voting space before the name of each candidate for whom he desires to vote, on whatever ticket he may be." Election Law, § 105, as amended by Laws 1896, c. 909. This mark was placed after the name of Mr. Bantel, and in a different and wholly distinct column.

Upon the return of the order to show cause why the relator should 'not have a peremptory writ of mandamus to compel the counting of these two ballots, Charles H. Morgan, the opposing candidate for the office of village trustee, was very properly allowed to intervene; and the court compelled the production of the ballot box, and took the oral evidence of one of the inspectors as to what had been their action in respect to the two ballots in controversy. After the proof was all in, it appeared that there was no material dispute of fact, and the case as it finally came before the learned judge at special term for decision was one where the applicant's right to the mandamus, if it existed at all, depended only upon questions of law, and hence it was not necessary that an alternative writ should first issue. Code Civ. Proc. § 2070.

The case of the ballot which the inspectors refused to count, because the cross mark in the circle at the head of the Democratic ticket was not as perfect as it might have been, came directly within the provisions of section 114 of the election law, as amended in 1896. It was a ballot which, to all intents and purposes, had been rejected as void. I think that upon its face it was a good ballot, and that it was the duty of the inspectors, as matter of law, to count it. The determination of the court below as to this ballot was clearly right, and the order to that extent should be affirmed.

I am unable, however, to take the view of the other ballot which was adopted at the special term. That ballot, as the inspector expressly testified, was counted for the offices of president of the village, treasurer of the village, and trustee at large. It was merely treated as a blank, so far as it related to the fourth office of trustee, for which Mr. Bantel and Mr. Morgan were rival candidates. Assuming that this fact authorized the court to institute the investigation provided for by section 114, in order to determine whether there appeared upon the ballot any vote for trustee which should be counted, I think the mere inspection of the ballot itself answers that question in the negative. The voter marked the ballot so as to manifest his choice effectively for president and treasurer and trustee at large of the village; but, whatever may have been his intent in respect to the trusteeship for which Mr. Bantel and Mr. Morgan were rival candidates, that intent is not disclosed in the slightest degree by the mark which he placed in the voting space in the column of blanks. There is just as much reason to infer that he meant to vote for some one whose name he inadvertently omitted to write in the place provided for that purpose, as there is to infer that he meant to vote for Mr. Bantel simply because the name of that candidate was in the next column, not far off. To make that mark effectual as a vote would, in my opinion, be to make the result of an election turn upon judicial guesswork, pure and simple.

The order should be affirmed so far as it applies to the ballot marked "Relator's Exhibit B," and reversed so far as it applies to the ballot marked "Relator's Exhibit A," without costs of this appeal to either party. All concur.