OSCAR C. SNORTUM v. G. O. HOMME.[1]

January 8, 1909.

Nos. 16,062—(270).

**Election—Use of Pasters.**

*Held*, construing R. L. 1905, § 275, subd. 3, that certain ballots in the form of "pasters" cast for the appellant for sheriff were legal, and properly counted for him by the canvassers.

Oscar C. Snortum, the nominee of the Republican party for the office of sheriff of Yellow Medicine county, for the purpose of making a contest appealed to the district court for that county from the count and canvass of votes by the county canvassing board made on November 7, 1908, declaring G. O. Homme to have received the largest number of votes for and to be elected sheriff of that county, and from the statement of that board made and filed with the auditor of the county that G. O. Homme had received 1,500 votes and Oscar C. Snortum had received only 1,240 votes.

It was stipulated by the contestant and contestee that of the 1,500 votes counted and returned in favor of G. O. Homme there were 600 ballots counted and returned which were voted by pasting on the blank space following the word sheriff and immediately below the printed name of Oscar C. Snortum an adhesive paster or sticker on which were printed the words and characters "G. O. Homme," and by making a cross mark in the small square opposite and to the right of said

1 Reported in 119 N. W. 59.

blank space and opposite to the words and characters "G. O. Homme."

The matter was heard before Powers, J., who made among other findings of fact one that the contestee received 900 votes besides the 600 votes upon which pasters were used, and that the contestee paid the expenses of printing and circulating stickers, and as conclusion of law found that the ballots on which stickers were used were illegal and ordered judgment in favor of contestant. From that order and from the judgment entered pursuant thereto, the contestee appealed. Reversed.

*George W. Somerville, J. P. Smith,* and *Bert O. Loe,* for appellant.

Although contestee was an unsuccessful candidate for the office at the primary election, he was not prohibited from becoming a candidate for the office at the election. Const. art. 7, §§ 1, 7; State v. Moore, 87 Minn. 308; State v. Bates, 102 Minn. 104. The rule that the intention of the voter should govern has not been changed by the adoption of the Australian ballot. See People v. Cicott, 16 Mich. 283; Wigmore, Australian Ballot Sys. (2d Ed.) 193. The goose quill has been superseded by the typewriter and the printing press, and nowadays by the term "written" is almost invariably understood both of the others. Any honest attempt of the voter to substantially comply with R. L. 1905, § 275, is sufficient. If the intention of the voter can be ascertained by what he has done, then his vote should be counted. After election all provisions of the election law should be held directory only, in support of the result, unless of a character to obstruct the free and intelligent casting of the vote or to the ascertainment of the result, or unless it is expressly declared that the omission of the particular act shall render it void. See Jones v. State, 1 Kan. 273, 279; McCrary, Elections (4th Ed.) § 227. There is no prohibition in our statutes relative to the use of pasters or stickers, nor any provision that a ballot marked in any other manner than as provided by law shall be void. The decisions to the contrary in Illinois were under a law which expressly prohibits the use of any other ballot than the one provided by law, and makes it void when marked in any other way than specified by law. In Pennsylvania, when the statutes authorize the "inserting" of the name of a candidate, it is held that a paster can be used. In re Foreman, 47 Pittsburgh Leg. (N. S.) 318. The use of

106 M.—30

stickers was allowed in People v. Cicott, 16 Mich. 283; People v. Love, 63 Barb. 535; De Walt v. Bartley, 146 Pa. St. 529; Carlough v. Ackerman, 74 N. J. L. 16.

*Ole Ostensoe* and *C. A. Fosness*, for respondent.

The right to vote is not an inherent or natural right, but it is a political right, to be given or withheld or modified at the pleasure of the authority which conferred it. 10 Am. & Eng. Enc. (2d Ed.) 568. In the original act, when the person for whom an elector wished to vote did not have his name on the ticket, the voter might "fill" in the name. See Wigmore, Australian Ballot Sys. § 23. In Laws 1889, c. 3, § 23, the word used is "place," but in Laws 1893, c. 4, § 100, subd. 3, the word "write" is used. See Revision of 1905, § 275. If the statute so provides, but not otherwise, the electors may use printed pasters for the insertion of names not on the ballot instead of writing them. 15 Cyc. 356. With the exception of Illinois there appears to be no state whose court of last resort has construed a law identical in this respect with the Minnesota statute. Fletcher v. Wall, 172 Ill. 426; Roberts v. Quest, 173 Ill. 427; McSorley v. Schroeder, 196 Ill. 99. And the Illinois statute contains a provision similar to R. L. 1905, § 5514, subd. 24, as to the meaning of the word "written" or "in writing" and in Illinois the law cannot prevent an elector from voting for a person whose name does not appear in the official ballot. Sanner v. Patton, 155 Ill. 553. If the legislature had intended to allow the use of pasters in the manner adopted in this case, it would have so provided. From the fact that pasters are provided for in parts of the act of 1903, as for instance in section 41, the failure or omission to provide for their use in section 275 cannot be fairly charged to accident or inadvertence. The word "write" was designedly used.

PER CURIAM.

The only question presented by this appeal is a construction of R. L. 1905, § 275, subd. 3, which provides that: "When he [the voter] so desires, he may write other names in the blank spaces under the printed names of candidates, and the names so written shall be counted as balloted for, whether marked in the small square or not."

The blank spaces are left on the official ballot to enable every voter,

who so desires, to vote for any eligible elector he pleases. This is his constitutional right. The statute, then, must be liberally construed, and with reference to well-understood methods of expressing any matter in writing in vogue at the time the statute was enacted. So construing it, the words "write" and "written," as used therein, include any mode of representing words or letters, as provided by R. L. 1905, § 5514, subd. 24. Therefore our construction of the statute here in question is that it gives to a voter who desires to vote for a person other than those whose names are on the official ballot the right to express the name of the person for whom he intends to vote by writing or putting his name in the blank space, and, further, that if he intends to avail himself of the latter method he may provide himself, before going into the booth, with, and use, the printed or typewritten name of his choice on adhesive paper; that is, with the so-called paster or sticker.

It follows that the ballots cast for the appellant in this case, which were in the form of "pasters," were legal, and were properly counted for him by the canvassers. The judgment appealed from must be reversed, and cause remanded, with directions to the district court to cause judgment to be entered upon its findings of fact to the effect that the appellant was duly elected to the office of sheriff of the county of Yellow Medicine.

So ordered.