## ARTHUR PRENEVOST v. OMER DELORME.[1]

May 14, 1915.

Nos. 19,222—(136).

**County commissioners — appointment to fill vacancy — term of office.**
1. An appointee to fill a vacancy in the county board, in a county not newly organized, or in which the number of commissioners is not increased, holds

[1] Reported in 152 N. W. 758.

only until the next election occurring after there is sufficient time to give the notice prescribed by law, and until a successor is elected and qualified. Section 5727, G. S. 1913, governs such cases, not section 680, G. S. 1913.

**Election contest — appeal from judgment.**

2. On appeal from a judgment in a contested election proceeding, the respondent, having prevailed in the trial court, is permitted in the appellate court to urge any fact appearing in the record which will support the judgment of the court below.

**Evidence.**

3. The findings of fact are sustained by the evidence.

Arthur Prenevost gave notice of appeal to the district court for Red Lake county from the determination of the county canvassing board of that county certifying that Omer Delorme was elected to the office of county commissioner. The appeal was heard before Watts, J., who made findings and ordered judgment in favor of contestant. From the judgment entered pursuant to the order for judgment, contestee Delorme appealed. Affirmed.

*E. O. Hagen,* for appellant.

*Charles E. Boughton,* for respondent.

SCHALLER, J.

The county of Red Lake is a duly organized county in the state of Minnesota. At the general election in November, 1912, L. C. Cadieux was elected to the office of county commissioner from the second district in said county, and duly qualified and acted as such commissioner. In July, 1913, said L. C. Cadieux died and thereupon Omer Delorme was duly appointed to fill the vacancy in said office and to serve until such vacancy should be filled as provided by law.

At the primary election in June, 1914, Arthur Prenevost was duly nominated for the office of county commissioner of said district. There was no other nominee. Prenevost is a citizen of the United States and duly qualified to hold said office. At the general election in 1914, the name of Prenevost was the only one upon the official ballot as candidate for county commissioner in the said second district. Although his name was not printed on the official

ballot, Omer Delorme, a duly qualified elector, was a candidate for said office. The second commissioner district is composed of the towns of Terrebonne, Lake Pleasant and Gervais. The returns of the election were duly made, returned and canvassed by the county canvassing board, and on the sixth day of November, the county canvassing board made and filed its return certifying that the contestee, Omer Delorme, was duly elected to the office of county commissioner of said second district for the term commencing on the first day of January, 1915, to hold said office for the term of two years. From the determination of the said county canvassing board, Arthur Prenevost appealed to the district court in and for said county.

The appeal was tried at a special term of said court on the tenth day of December, 1914, and on the fourth day of January, 1915, judgment was duly entered that the contestant, Arthur Prenevost, was duly elected, and that his term would expire on the first Monday of January, 1917. The contestee appeals.

On the trial of this cause in the district court, certain stipulations were made as to the number of ballots which were uncontested, and a certain number of contested ballots were referred to the court.

The only question presented in this appeal is the question for whom the contested ballots should be counted.

We have examined each one of the ballots carefully, and find that out of the 23 ballots submitted to the court below and returned to this court, 15 should be counted for Delorme, 5 for Prenevost and 3 for neither the contestant nor the contestee. The result, when added to the uncontested ballots as stipulated by the parties, would be 96 votes cast at said election for said Delorme and 97 for said Prenevost. The judgment of the court below will not be disturbed.

The appellant has made certain assignments of error, which, it is claimed on the part of respondent, are not sufficient to raise the questions which appellant desires to raise herein. The respondent also criticizes certain findings of the court below, on the ground that the court did not correctly count some of the ballots. To this criticism the appellant rejoins that respondent, not having appealed, has no right to present these matters for review.

We think the assignments of error are sufficient to present the questions desired to be raised, and we hold that the respondent, having prevailed in the district court, is permitted on this appeal to urge any fact presented in the record which will support the judgment.

In this view, we have carefully compared and counted all the ballots which were referred to the court below, with the result above stated.

Appellant makes the point that, even though an election was had, the same was a nullity, for the reason that the contestee's appointment was for the unexpired term of his deceased predecessor. We cannot agree with the respondent in this view. The appointment to fill the vacancy in this case is governed by the provisions of section 5727, G. S. 1913, not by the provisions of section 680, G. S. 1913.

One of the questions presented on this appeal relates to the use of the so-called paster or sticker, it being contended on the part of respondent that where a sticker is used without the X mark following it, the ballot should not be counted at all, but is merely a blank.

This we cannot concede. It has been held that the use of the sticker or paster may take the place of writing (Snortum v. Homme, 106 Minn. 464, 119 N. W. 59), and we hold that where the paster is used, and there is nothing to show an intention of the voter to vote for any candidate other than the person named on the paster, the ballot should be counted for that candidate, even though the X mark does not follow the name. This, however, is not conclusive, for we can easily conceive of cases in which the use of the paster might be merely perfunctory. Indeed, evidence was received in the court below tending to show that some of the voters received pasters from one of the judges of election and imagined that they were obliged to put them on the ballot.

The statute providing rules for marking ballots, subdivision 3, § 460, G. S. 1913, provides:

"3. When he so desires, he may write other names in the blank spaces under the printed names of candidates, and the names so

written shall be counted as balloted for, whether marked in the small square or not." ·

This language is similar to subdivision 2, § 491, G. S. 1913, which reads:

"2. When a voter has written the name of a person in the proper place, his vote shall be counted for such person, whether he makes a mark (X) opposite thereto or not."

Subdivision 5 of the same section provides:

"5. The judge shall disregard misspelling or abbreviations of the names of candidates, if it can be clearly ascertained from the ballot for whom it was intended."

The statutes provide that all ballots shall be counted for the person for whom they were intended, so far as such intent can be clearly ascertained from the ballots themselves.

Under these provisions it has been held that "the intent of the voter is the important consideration, but such intent must be clearly ascertainable from the ballot itself, without indulging in speculation or strained efforts to discover such intent in any other manner than as prescribed by the statutory rules." Nelson v. McBride, 117 Minn. 387, 135 N. W. 1002.

In deciding for whom the voter intended to cast his ballot, the court is justified in examining the ballot itself, not only that part of it relating to the contestant or contestee, but the entire ballot, and, if from an examination of the entire ballot, the intention of the voter may be clearly ascertained, then the ballot should be counted for the person for whom the voter clearly intended to vote.

Two of the ballots in this case contain no X mark in the space to the right of the names "Prenevost," and contain no name in the blank space below, but have an X mark in the space opposite the blank line. These ballots should not be counted for either party. State v. Acker, 142 Wis. 394, 125 N. W. 952, 20 Ann. Cas. 670, cited with approval in Nelson v. McBride, supra.

It also appeared that no other person by the name of Delorme was candidate for the office of commissioner in the second district, and we have counted all votes cast for "Delorme" for the contestee.

If for a certain office, there is but one person running of a given

name, the ballot for the given name only should be counted for that person, and, if to designate the person voted for, letters are used which do not properly spell the name, but do spell a word which is *idem sonans,* such a ballot should be counted, and this for the reason that they designate the person intended to be voted for with reasonable certainty. Newton v. Newell, 26 Minn. 529, 6 N. W. 346.

In certain other cases the sticker was placed entirely over the name of the contestant and no mark of any kind was placed on the sticker. In these cases, we have counted the ballot for the contestee, holding that the placing of the sticker over the name of the other candidate was a sufficient indication of an intent to vote for the contestee and not for the contestant.

The result is that the judgment appealed from is affirmed.