EDNA ADAMS v. MARGARET McMULLEN.[1]

December 11, 1931.

No. 28,837.

[1]Reported in 239 N. W. 594.

*Lewis E. Jones,* for appellant.

*Wyvell, Murphy, Johanson & Nelson,* for respondent.

HOLT, J.

The appeal is from a judgment in a school district election contest declaring respondent the duly elected director of the school board of independent school district No. 1, Wilkin county, this state.

The election was held at the annual meeting July 21, 1931. The term of office of appellant and James A. Bronson, two directors, was expiring, and both had filed affidavits as candidates for reëlection. No other candidate having filed, the clerk prepared official ballots naming these two as the only candidates, both to be voted for at the election. As printed they were designated "Official Ballot." On the line beneath the heading was printed, "Names of Candidates." Below it were four spaces or lines. Upon each was first printed, "Member of School Board (3 yrs)", followed by the name of "Edna Adams" on the first line, the name of "James A. Bronson" on the second line, and blank spaces on the two lines below where the voter could write in or paste in the name of some other candidate. At the end of the printed names and blank spaces were two vertical lines, making four squares. Within each of these squares was a square in heavier lines wherein the voter was to place a cross-mark. To the right of the vertical lines and squares appeared the words, "Vote For Two." Directions were printed on the ballot to vote for two and to place a cross in the square to the right of the name of the person voted for.

There can be no controversy over the fact that 102 ballots were properly cast for appellant. She claims two more upon which no cross-mark was made after the name of either of the two candidates and no sticker or written name in the two blanks. In other words, the ballot was cast as printed without any cross-mark for

either of the two candidates. We have found only two ballots in that condition, viz. exhibits L and J, except that in the latter on the line above the names of candidates there is at the end thereof a cross-mark. We think both of these ballots should be counted as cast for appellant. They are the official ballots, containing only the names of two candidates, and every voter was entitled to vote for two. So the voter who cast each of these ballots must have meant to vote for both; otherwise no meaning at all can be given to his voting. This accords with the views expressed in Johnson v. Board of Canvassers, 101 Mich. 187, 59 N. W. 412; Britt v. Board of Canvassers, 172 N. C. 797, 90 S. E. 1005. The case of Sawyer v. Hart, 194 Mich. 399, 402, 160 N. W. 572, touches upon the same point.

Exhibit K had the cross-mark in the square to the right of the first blank space—the space below the space in which was the name James A. Bronson. The trial court construed this as an intention not to vote for any of the two candidates named on the ticket. Since the cross-mark appears in the square designated for the purpose of indicating the candidate for which the voter votes and there is no name in the space for which the square stands, the intention of the voter is, to say the least, so uncertain and equivocal that the ballot should be rejected. If the cross-mark should be given any significance under G. S. 1923 (1 Mason, 1927) § 454(3) then exhibit K would be a vote for Bronson alone and would not help appellant.

Exhibit N is so clearly a ballot where the voter had by a mistake made a cross after the name of appellant but, before the ballot was cast, attempted to erase the cross-mark, rubbing so hard as to rub away part of the paper; then beneath all the spaces and squares is written "M. McMullen X." The court rightly held this a vote for respondent alone.

Seven ballots were counted for respondent which appellant asserts should not be so counted for the reason that no cross-mark was made after respondent's name. We think this contention is not sound, because by the very fact of writing in one of the blank spaces

of the official ballot respondent's name or placing therein a sticker with her name printed or typed thereon the voter clearly showed the intention to cast a vote for her and her alone, where no cross-mark is made after the name of either of the other two candidates upon the official ballot. Snortum v. Homme, 106 Minn. 464, 119 N. W. 59; Prenevost v. Delorme, 129 Minn. 359, 152 N. W. 758. The statutory provisions referred to in the last named case, if applicable to the ordinary school district election, seem embodied in G. S. 1923 (1 Mason, 1927) § 454(2). In Snortum v. Homme, 106 Minn. 464, 119 N. W. 59, a sticker or paster on a ballot was held to be of the same effect as writing in the name of the person for whom the vote was cast. That decision was followed and applied in Prenevost v. Delorme, 129 Minn. 359, 152 N. W. 758, and the statutes therein referred to are of the same import as G. S. 1923 (1 Mason, 1927) § 424(3) reading:

"When he so desires, he may write other names in the blank spaces under the printed names of the candidates, and the names so written shall be counted as balloted for, whether marked in the small square or not."

From these decisions it follows that whether respondent's name was affixed on the ballot by typewritten or printed sticker or by writing it on the ballot it should be counted for her whether or not a cross-mark after it was made.

We cannot concur in appellant's view that in nearly all of the 27 ballots counted for respondent, the sticker being affixed or the name written in the top blank space, that is, the blank space below the name of James A. Bronson, it was intended to supplant Bronson, so that the ballot should be taken as a vote for respondent and a vote for appellant. We think it clear that the ballot indicates one vote cast and that for respondent. As soon as the names of three persons appear upon a ballot and only two can be voted for, the voter, if he casts the ballot, must select two or one; otherwise the ballot becomes ineffectual. If only one is selected and a sticker is such selection, both of the others are rejected.

"This court, under our statute, has been liberal in its effort to ascertain the intentions of the voter and in giving effect to marks on his ballot appearing to have been made in an attempt to indicate his choice." McVeigh v. Spang, 178 Minn. 578, 586, 228 N. W. 155, 158.

We think this rule should apply more particularly to a school election, except in so far as mandatory statutes prescribe a method to be followed. Since the school election in Grimsrud v. Johnson, 162 Minn. 98, 202 N. W. 72, was decided, the statute has been amended so as to make it mandatory to use official ballots, G. S. 1923, § 2799, as amended, 1 Mason, 1927, id. No matter how liberal a rule be applied, we think the decisions cited justified the court in holding that the ballots designated as exhibits H, M, P, Q, R, S, T, V, X, K-1, and V-1 were each a vote for respondent and none for appellant. The loose sticker the court refused to count for respondent, and of this appellant cannot complain. Exhibits I, U, and R-1 are clearly votes for Bronson alone. The result is that respondent received four more votes than appellant. The ballots not above referred to were beyond a doubt correctly counted for the respective parties.

The judgment must be affirmed.