Carl WADE, Appellant,

v.

Finis DURRETT, Individually, et al., Appellees.

Court of Appeals of Kentucky.

Jan. 19, 1962.

Rehearing Denied March 23, 1962.

Paul R. Huddleston, Bowling Green, for appellant.

Robert M. Spragens, Lebanon, Joseph J. Leary, Frankfort, for appellees.

CULLEN, Commissioner.

The appeal is from a judgment in a proceeding for a recount of the ballots cast in the race for county judge of Green County at the 1961 general election. The canvass of the votes by the election commissioners had shown Carl Wade, Republican, to be the winner over Finis Durrett, Democrat, by 43 votes. Upon the recount in the circuit court Durrett was adjudged to be the winner by two votes. Wade has appealed.

Questions are raised on the appeal with respect to the counting of 27 ballots, the markings on which departed from standard

form. The questions concern whether these ballots should be counted at all, and if so, for which candidate.

With respect to 22 of these ballots our net conclusion is substantially the same as that reached by the circuit judge, although we differ from some of his decisions upon specific ballots. These 22 ballots involve such individual peculiarities of marking that for us to describe each one and explain our decision as to its counting would serve no useful purpose.

The outcome of the case depends upon the counting of the remaining five ballots, which are marked so similar to each other as to raise a single question. The circuit court counted these ballots for Durrett. If these ballots are not counted for Durrett, Wade is the winner.

The question can best be presented by setting forth a replica of the top portion of one of the ballots (omitting the emblem and circle at the top of each column) as follows:

| REPUBLICAN PARTY | DEMOCRATIC PARTY |
|---|---|
| For State Senator | For State Senator |
| | Broadus E. Hickerson ------ ☐ |
| ------------------------- ☐ | ------------------------- ☐ |
| For State Representative | For State Representative |
| T. M. (Buck) Watson ------ ☐ | |
| ------------------------- ☐ | ------------------------- ☒ |
| For County Judge | For County Judge |
| Carl Wade ---------------- ☐ | Finis Durrett -------------- ☐ |
| ------------------------- ☐ | ------------------------- ☐ |

Each of the five ballots in question was marked with a stencil in the square in the space in the Democratic column designed for use in voting for a write-in candidate for State Representative (as indicated in the replica above). On two of the ballots there was no other stencil mark at all. On two more the only other stencil mark was in the circle at the top of the Republican column. On the remaining ballot there were stencil marks indicating votes for the Republican candidates for County Court Clerk and Coroner, and for the Democratic candidates for State Senator, Sheriff, Tax Commissioner, Jailer, County Surveyor, and Justice of the Peace.

The question is whether the mark in the square in the State Representative write-in space shall be considered to be a vote for County Judge, on the theory that the voter intended to vote for some one, or whether the mark should be treated as ineffective because the voter's intention in making it cannot be fairly ascertained or because the mark represents nothing more than an expression of protest against the Republican candidate for State Representative.

The basic policy governing questions of the nature here presented has been stated by the legislature, in KRS 118.280(2), to be, "No ballot shall be rejected for any technical error that does not make it impossible to determine the voter's choice."

■ This Court has followed the rule that a voter should not be disfranchised if it may be ascertained that a bona fide

attempt was made by him to. vote for a particular candidate. Sizemore v. Henson, Ky., 264 S.W.2d 865; Thompson v. Boling, 240 Ky. 340, 42 S.W.2d 321.

In Snowden v. Flanery, 159 Ky. 568, 167 S.W. 893, several ballots were marked with a stencil in the square below the square opposite the candidate's name, and one ballot was marked with a pencil in the open space opposite the name of the office above the candidate's name. It was held that all of these ballots should be counted.

In Thompson v. Boling, 240 Ky. 340, 42 S.W.2d 321, which involved a *primary* election, the names of Boling and Thompson were set forth on the ballot with squares opposite them, under the heading "State Representative," and below Thompson's name there was a dotted line extending across to a third square. Several voters placed a stencil mark in the latter square. The court held that they cast valid votes for Thompson. In reaching this decision the court said (42 S.W.2d 322):

"* * * It is a general rule that when it is clear that the voter has made an honest effort to conform to the directions of the statute as to the manner of voting, although with imperfect results, the ballot should be counted. if the intention of the voter can be effectuated.

"In this state the undeviating practice has been to search out the purpose of the voter, and if he has manifested his intention by his ballot, it will be given effect.

"It is not enough that some possibility defeating the evident purpose of the voter can be conjectured. The rule requires only reasonable probability, and that which was probably intended cannot be said to be impossible of ascertainment. * * *

* * * * * *

"* * * It is reasonable to presume that the voter intended to vote for some one, and when he did not register his choice with precision it is a just inference, in the absence of anything further to show his intent, that he intended to vote for the name nearest his mark. It is too much to surmise that the voter marked the ballot with a stencil and then forgot to carry out a purpose to write in a name, as was conjectured by the court in People ex rel. Vantel v. Morgan, 20 App.Div. 48, 46 N.Y.S. 898. Equally farfetched and unlikely is the suggestion that the voters chose that method of declaring disapproval of both candidates whose names were printed on the ballot. * * *"

In Sizemore v. Henson, Ky., 264 S.W.2d 865, the ballot contained a Republican column and four Independent columns, each of the latter being headed by a picture of an independent candidate for a particular office. None of the independents were candidates for the same office. Each of the Independent columns carried a full list of the offices to be voted for, but the only candidate's name printed in the column was that of the man whose picture was at the top, his name being printed under the title of the office for which he was a candidate. As to each of the other offices there was merely a dotted line followed by a square. The top office in each column was that of State Representative. The office of jailer, for which Sizemore was a candidate, was the sixth office down the column. A number of ballots were marked in the square under the heading "State Representative" at the top of Sizemore's column, and others were marked in other squares in his column not opposite his name. It was held that all of these ballots should be counted for Sizemore, on the basis that the voters obviously were making an honest effort to vote for some one, and it was reasonably clear that their intent was to vote for Sizemore.

Under the authority of the foregoing cases it is our opinion that in the instant case the circuit court properly counted the five ballots for Durrett.

The judgment is affirmed.

BIRD and PALMORE, JJ., dissenting.