STATE ex rel. OLE O. NARVESON v. VILLAGE OF McINTOSH and Another.[1]

June 16, 1905.

Nos. 14,431—(195).

**Election Contest.**

Election controversies must be determined by the tribunal constituted by the legislature for that purpose, and not by the courts upon certiorari. Review upon such a writ will not be extended beyond the limits of its natural use because no adequate or speedy remedy for election contests is provided by statute. *Held,* a writ of certiorari to determine the correctness of a count of ballots in a village license election was properly discharged.

[1] Reported in 103 N. W. 1017.

Writ of certiorari issued from the district court for Polk county upon relation of Ole O. Narveson, to review the action of the canvassing board of defendant village at an election at which was submitted the question of issuing liquor licenses. From an order, Watts, J., discharging the writ, relator appealed. Affirmed.

*W. E. Rowe* and *Martin O'Brien,* for appellant.

*T. R. Brownlee,* for respondents.

*Ole J. Vaule* and *Wm. P. Murphy,* by permission, filed a brief for the anti-license people of McIntosh.

JAGGARD, J.

At the annual election held in the village of McIntosh on March 14, 1905, the question whether liquor licenses should or should not be issued in that village was submitted to its voters. At the close of the polls the election judges counted the ballots, and made and filed their return with the village recorder, determining that a majority of the votes cast at such election was against the granting of licenses. The relator and appellant applied to the district court of Polk county for a writ of certiorari to review that decision of the election judges. The writ was allowed and issued. The recorder of the village was directed to bring into court the ballot box and ballots and records of the election and canvass. Upon the return to the writ by respondents, proceedings not set out in this record were had. The trial court made its findings of fact, and as a conclusion of law dismissed and discharged the writ. From the order dismissing the writ this appeal is prosecuted.

The appellant raises a number of errors, only one of which is necessary to be considered in the determination of this appeal, namely, did the court err in discharging the writ of certiorari? The writ of certiorari in this state is not strictly the common-law writ of that name. It "has been extended beyond what it was at common law, and is not now confined to reviewing the decisions of courts, properly so called, but may also be used in certain cases to review the proceedings of special tribunals, boards, commissions, and officers of municipal corporations; yet reflection and further examination only confirm us in the opinion that both on principle and considerations of public policy we are right in confining the office of the writ, in the latter class of cases,

to acts that are strictly judicial or quasi judicial in their nature." Mitchell, J., in Moede v. County of Stearns, 43 Minn. 312, 45 N. W. 435, and cases therein cited; State v. Clough, 64 Minn. 378, 67 N. W. 202.

The acts of the judges of election were neither strictly judicial nor quasi judicial. Morgan v. Quackenbush, 22 Barb. 72; State v. Common Council, 25 Minn. 106, 110; Champion v. Board, 5 Dak. 416, 41 N. W. 739; 10 Am. & Eng. Enc. (2d Ed.) 668, 706, and notes. "The fact that a board or officer has, in the performance of their duties, to ascertain certain facts and in doing so to determine what the law is, does not of itself render its action judicial. That has to be done every day by public bodies and officers in the discharge of purely legislative or executive acts. * * * Where proceedings are judicial, if no right of appeal is given, certiorari will lie; but the fact that no right of appeal is given has no bearing on the question whether the proceedings are judicial in their nature. Neither is there anything in the suggestion that certiorari ought to lie, because there is no other adequate or speedy remedy by which to review the proceedings." State v. Clough, 64 Minn. at page 380. Morgan v. Quackenbush, supra. In absence of statutory provision therefor, the courts have no authority to interfere in any way with the conduct of an election. Matters arising out of the election must be determined alone by the tribunal constituted by the legislature for that purpose. 19 Am. & Eng. Enc. (2d. Ed.) 506. We must therefore hold that the writ did not lie.

Order appealed from is affirmed.