STATE ex rel. VILLAGE OF EXCELSIOR v. DISTRICT COURT OF HENNEPIN COUNTY and Another.[1]

April 14, 1909.

Nos. 16,163—(36).[2]

**Inconsistent Statutes Carried into Revision.**

Where two inconsistent statutes, relating to the same subject-matter, but passed at different times, are both incorporated into a general revision, the court will, in construing them, inquire as to the date of the respective enactments, and give effect to the latest expression of the legislature.

**Same—Contest after Village Election.**

Rule applied to sections 336 and 343, R. L. 1905, and the former *held* to extend the right of contest to village elections; the provisions of that section being the latest expression of the legislature on the subject.

On the relation of the village of Excelsior, the state obtained from the supreme court an alternative writ prohibiting the district court for Hennepin county, Honorable William H. Donahue, Judge, and the contestant, Fred W. Hawkins, from proceeding under an order of the district court directing a recount of the votes cast on March 9, 1909, on the question of issuing licenses for the sale of intoxicating liquor at the village of Excelsior. Writ discharged.

*A. M. Higgins* and *A. B. Jackson,* for relator.

*Geo. Harold Smith,* for respondent Hawkins.

BROWN, J.

At the annual election held in and for the village of Excelsior in March, 1909, the question of licensing the sale of intoxicating liquors was submitted to popular vote. A canvass of the votes cast at the election disclosed, as reported by the election officers, ninety one

[1] Reported in 120 N. W. 894.    [2] April, 1909, term calendar.

votes in favor and ninety two against license. Thereafter a contest was instituted by an elector of the village, under section 336, R. L. 1905, and was pending and about to be brought to a final hearing in the district court, when relator sued out this writ of prohibition to restrain further proceedings in the contest, on the ground that the court had no jurisdiction to hear or determine the same; the specific point being that the right of contest given by section 336 does not extend to village elections.

Inasmuch as the writ of prohibition is an appropriate remedy only in those cases where the inferior tribunal to which it is directed is attempting to exercise an unauthorized jurisdiction, we have before us the sole question whether section 336, R. L. 1905, relating to election contests, applies to village elections. A careful consideration of the question leads to an affirmative answer.

The statute referred to provides, among other things, that: "Any voter may contest the election of any person for or against whom he has the right to vote, who is declared elected to a state, county, or municipal office, or the declared result upon a constitutional amendment or other question submitted to a popular vote, by proceeding as follows: He shall file with the clerk of the district court of the county of his residence, within ten days after the canvass is completed, a notice of appeal to such court, specifying the points upon which the contest will be made, and cause a copy thereof to be served upon the contestee when the contest relates to the election of an officer, upon the secretary of state when it is a matter submitted to popular vote which affects the entire state, or any subdivision thereof larger than a county, upon the auditor when it affects a single county, and in all other cases upon the municipality affected. * * *" This on its face manifestly includes, and was intended to include, a contest of a village election; for a village, as defined by section 154 of the statute on elections, as well as by the law generally, is a municipality, and an office therein is a "municipal office," within the meaning of section 336.

But it is contended by relator that villages and towns are expressly excepted from the operation of section 336 by the provisions of section 343. That section, a part of the election law, provides that: "The foregoing provisions of this chapter shall not apply to elections of town officers, nor, except those relating to the arrangements for voting

at the polls and the preservation of order thereat, to village elections. * * * " This would also seem on its face to exclude village elections from the contest provisions of section 336, and to sustain relator's contention that the right to contest such elections does not exist. But the two sections are repugnant to each other, and the statutes are ambiguous and call for construction. Section 336 clearly includes the right of contest, and section 343 excludes it. To harmonize this inconsistency we must look further into the subject-matter of each section and their history, and ascertain therefrom the legislative intent.

The contest statute (section 336) has been one of growth and development. By sections 46, 49, and 52, c. 1, G. S. 1866, election contests were limited to county offices, members of the legislature, and county seat removals. Thus the statute remained until 1891, when, by section 95, c. 4, p. 58, Laws of that year, the original Australian election statute, city offices were added to the contestable list. Again the statute remained unchanged until 1905, when by the general revision of that year section 336 in its present form was incorporated into the law of the state. Prior to 1905 the statute made no provision for contesting the election of state officers, nor for judicial offices, nor for propositions submitted to popular vote, except county seat removals and changing county lines; but by the enactment of section 336, in 1905, all these, as well as constitutional amendments were provided for, and the new statute is broad and comprehensive. The change in the statute was a significant advance over prior enactments, and indicates clearly a deliberate purpose to extend the law to all elections, state, county, city, and village. Prior to the revision, "cities" were included with counties; but by the new statute the word "city" was stricken out, and the word "municipal" used in its place, thus providing that a state, county, or municipal election might be contested. This change is conclusive of an intention to extend the statute, and that a "municipal election" includes a village election there can be no serious question. So, properly construed, section 336 sustains the right of contest in this case, unless section 343 be construed as expressly taking it away.

The two sections are inconsistent with each other, but were both incorporated in the revision at the same time. As already stated, section 336, as enacted in 1905, contained many new provisions on the

subject of election contests, and was an extension of the statute to contests not theretofore provided for, while section 343 is of long standing, having been first enacted in 1891, as a part of the Australian election law. The original purpose of this section was to exclude from town and village elections the cumbersome machinery of the new system of elections, and it had no reference to contests, for none were then provided for as to town or village elections. Bringing it forward into the new statute, without change, and in the face of the enlarged provisions of section 343, was evidently an oversight, and it must yield to section 336; for that embodies the latest expression of the legislature on the subject. The case comes within the familiar rule that where two inconsistent statutes, relating to the same subject-matter and passed at different times, are both incorporated into a general revision of the statutes, the court will, in construing them, inquire as to the date of the respective enactments and give effect to the latest legislative expression. Black, Int. Laws, § 135; Endlich, Int. St. § 183; City of Duluth v. Duluth Street-Ry. Co., 60 Minn. 178, 182, 62 N. W. 267; Long v. Culp, 14 Kan. 412; Gibbons v. Brittenum, 56 Miss. 232, 249. Section 336 expressed the will of the legislature in 1905, while section 343 goes back to 1891, and within the rule stated must yield, in so far as contests are concerned, to section 336.

We are not concerned with the propriety or wisdom of the legislation, as embodied in section 336; for such questions are purely legislative. Nor is it fatal to the validity of the statute that no provision is made, if that be a fact, for the preservation of ballots cast at village elections. Defects of that character do not go to the validity of the statute.

The point that the notice of appeal in the contest proceedings is defective and insufficient cannot be considered. If a defect of that kind exists, the objection should be raised in those proceedings.

It follows that the contest was properly instituted under section 336, the court below has jurisdiction thereof, and the writ herein must be, and it is hereby, in all things discharged.