## F. A. JOHNSON v. JOHN H. SLAPP.

## EMIL NURMI v. COLE E. BENSON.[1]

August 14, 1914.

Nos. 18,927—(293).

**Election contest — tie vote.**
    In a contest for the office of town clerk, and a contest for the office of

[1] Reported in 148 N. W. 593.

---

Note.—On the question of the decision of tie votes at elections, see note in 47 L.R.A. 551.

town supervisor, tried together, it is *held*, upon an examination of the evidence and a construction of certain ballots, that in each contest the contestant and contestee received an equal number of votes.

F. A. Johnson gave notice of contest against John H. Slapp from the canvass of votes at the election in the township of Trout Lake on March 10, 1914, which certified that F. A. Johnson received 29 votes for the office of town clerk and that John H. Slapp received 30 votes for that office. Emil Nurmi gave notice of contest from the canvass of votes at the same election which certified that Emil Nurmi received 29 votes for the office of supervisor and Cole E. Benson received 31 votes for that office. The district court for Itasca county appointed inspectors who recounted the ballots and made report that 27 votes had been counted for contestant Johnson for town clerk and 30 votes for contestee Slapp and 28 votes had been counted for contestant Nurmi and 30 votes for contestee Benson. The court made findings and ordered judgment that Johnson had been elected town clerk and there was a tie vote between Nurmi and Benson for the office of supervisor. From an order denying contestees' motions for amended findings and for a new trial, they appealed. Reversed on appeal of contestee Slapp and affirmed on appeal of contestee Benson.

*C. C. McCarthy,* for appellants.

*Andrew Nelson* and *George B. Sjoselius,* for respondents.

DIBELL, C.

At the election held in the town of Trout Lake in Itasca county on March 10, 1914, F. A. Johnson and J. H. Slapp were rival candidates for the office of town clerk. The court found that Johnson received 31 votes, and Slapp 30, and that Johnson was elected. Slapp appeals from the order denying his motion for a new trial.

The voting was by ballot. There was no official ballot. Johnson was a candidate on the "independent ticket," and Slapp on the "caucus ticket." Each voter was given two tickets, one of each kind. No provision was made for voting by a cross-mark. None was necessary. The names of competing candidates were not on the same ticket. A number of the voters, however, used cross-marks

throughout their ballots, or occasionally, and sometimes a name was crossed out and another written in its place.

The ballots marked A, B, C, D and E are the ones important in the contest for clerk. As we understand it the court reached its result by counting ballots A, B, C and E for Johnson, and by holding that ballot D did not sufficiently indicate the intent of the voter, and was not a vote for either candidate.

Ballot A was a caucus ballot. The name of Slapp was crossed off and underneath it was written, though perhaps not quite accurately, the name "Alfret Johnson." It does not appear that there was any one else by the name of Johnson a candidate for the office. The evidence indicates that F. A. Johnson was commonly known as Alfred Johnson and that there was no other Alfred Johnson in the town. It was clearly enough a vote for F. A. Johnson.

Ballot B has the name of Slapp crossed out and a name which should be held as intended to be "Alfred Johnson" written underneath. It is a Johnson vote.

Ballot C is an independent ticket bearing the name of F. A. Johnson for town clerk. One large cross is placed over the ballot. It must be treated as evincing an intent to vote for all on the independent ticket or as evincing an intent to vote for no one. We think the former construction should be given it.

Exhibit D is an independent ticket containing the name of F. A. Johnson. Johnson's name is not stricken off, but opposite it is written a name, somewhat indistinctly, but clearly intended to be J. H. Slapp. The voter used a cross opposite the supervisor and opposite the constable without striking off the name.

This ballot, as we view it, evinces an intent to vote for Slapp. The Australian ballot system does not apply to a town election. A town election is governed by G. S. 1913, § 1122, et seq. (R. L. 1905, § 632, et seq.). One looking at the ballot, without technical rules of construction in mind, would conclude that the voter intended to vote for Slapp. This was the view of the trial court, for, as it aptly expresses it in its memorandum, "the intention of the voter is shown by the mere fact that he wrote the name 'J. H. Slapp.' " But the court thought itself bound by Newton v. Newell, 26 Minn.

529, 6 N. W. 346. In this we think it was in error. The statutory provision affecting the result in that case, G. S. 1878, p. 41, c. 1, § 19, relative to a greater number of names for one office than the number of persons required to fill it, is not involved here. All other ballots it counted correctly. Counsel cite Pennington v. Hare, 60 Minn. 146, 149, 62 N. W. 116, and Erickson v. Paulson, 111 Minn. 337, 126 N. W. 1097, in support of their contention that the ballot should not be counted for Slapp. These cases both arose under the Australian ballot system. They do not at all control the case at bar.

Ballot E is the same as ballot C and should be counted for Johnson.

The result is that Johnson and Slapp each received 30 votes.

At the same election Cole E. Benson and Emil Nurmi were rival candidates for town supervisor. Benson was on the caucus ticket and Nurmi on the independent ticket. The court found that each received 30 votes. Benson appeals from the order denying his motion for a new trial.

The court reached its result by counting ballots A, C, D and E for Nurmi, and ballot B for Benson.

Ballot A is a caucus ticket. Benson's name is stricken out and below it is written a name, which fairly may be interpreted to be that of Emil Nurmi. This should be counted for Nurmi vote.

Ballots C and E have been already considered and were properly counted for Nurmi.

No serious question is made but that the ballot D was correctly counted. Ballot B was a vote for Benson.

The court made a proper disposition of all the ballots before it on the contest for town supervisor.

Reversed on the appeal of Slapp and affirmed on the appeal of Benson.