# WILLIAM SCLAWR v. CITY OF ST. PAUL.[1]

### February 4, 1916.

### Nos. 19,506—(172).

**Pleading — admission in answer.**

1. The defendant, having admitted the ultimate facts pleaded in the complaint, cannot insist that the plaintiff must either plead or prove the subsidiary matters which go to make up the ultimate facts.

**Denial of motion to dismiss action.**

2. The matters alleged in the complaint and admitted by the answer requiring no proof and the evidence as to the other facts being sufficient to establish the allegations made in the complaint, the trial court did not err in denying defendant's motion for a dismissal.

**Charge to jury.**

3. The court's instruction to the jury as to the meaning of "acquiesced" and "abandonment" was not erroneous.

**Work and labor — verdict not excessive.**

4. The evidence is sufficient to support the verdict of $309, wages as a patrolman in the police department of the city from August 10 to December 7, 1914.

Action in the district court for Ramsey county to recover $309.32 for wages as a member of defendant's police department. The answer alleged that defendant acquiesced in his removal from service. The case was tried before Brill, J., who at the close of the testimony denied defendant's motion to dismiss the action, and a jury which returned a verdict for the amount demanded. From an order denying its motion for a new trial, defendant appealed. Affirmed.

*O. H. O'Neill* and *W. J. Giberson,* for appellant.

*Keller & Loomis,* for respondent.

SCHALLER, J.

From the nineteenth of July, 1912, up to August 10, 1914, plaintiff had been in the employ of the city of St. Paul in its police department

[1] Reported in 156 N. W. 283.

as a patrolman. He had been receiving the sum of $80 per month from the city as wages. On the tenth of August, 1914, the commissioner of public safety notified Sclawr in writing that he had been on that date removed from the police department of St. Paul for inefficiency. The notice signed by the commissioner of public safety was delivered to plaintiff at the Ducas street police station by the officer in charge. Plaintiff was at that time one of the officers at the Ducas street police station. At the request of his superior plaintiff handed over to him his badge and all other police property in his possession. He was at that time given a blank form of resignation from the department, but he retained it and did not sign the same. He did not again go back to the station or report for duty there. Several weeks after the notice was served upon him he went into the bakery business, to which he devoted his time for about four weeks and then sold out. He did no business of any kind for one or two months after that.

Between August 10 and December 7, plaintiff personally made several applications for reinstatement to the chief of police. Delegations of plaintiff's friends also called upon the chief in his interest. A few days prior to the seventh of December, 1914, plaintiff, for the last time, called on the chief of police. From the conversation had at that time he concluded that there was no use to make any further effort for reinstatement. Thereupon he brought this suit against the city of St. Paul for wages at $80 a month from the tenth of August to the seventh of December, 1914.

The case was tried to a jury and the only question submitted was the acquiescence of the plaintiff in his discharge or his abandonment of the office. The jury found for the plaintiff for the total amount claimed, $309. A motion for a new trial was made and denied. Defendant appeals.

Defendant contends: (1) That the complaint did not state a cause of action; (2) that the court erred in denying defendant's motion for dismissal; (3) that the court erred in denying defendant's request for an additional instruction to the jury on the meaning of the terms "abandoned" and "acquiesced;" (4) that the verdict is contrary to law and is not justified by the evidence.

1. The defendant very seriously contends that the complaint fails to state a cause of action; that it did not allege that the legality or illegality of the plaintiff's discharge had ever been determined by competent authority; that it did not allege that the plaintiff held a position in the classified service of the defendant city; that it did not allege that the provisions of sections 95 and 105 of defendant's charter had been complied with; and that it did not allege that some charter provision, law or ordinance existed which created the plaintiff's position or provided and fixed the salary thereof.

These points are argued with much earnestness but these objections to the complaint, and the objections to the proof thereunder, are disposed of by the pleadings themselves. The complaint alleges the corporate organization of the defendant, the adoption of the charter on the seventh of May, 1912, and the going into effect thereof on January 1 and June 5, 1914. It alleges the provision of the charter in relation to the bureau of civil service, and alleges that the charter requires rules to be provided "for discharge or reduction in rank or compensation after appointment or promotion only when the person to be discharged or promoted has been presented with the reasons for such discharge or reduction, specifically stated in writing and has been allowed a reasonable time to reply thereto in writing. The reasons and the reply must be filed as a public record with the commissioner." It further alleges that the amended charter provides that "all persons holding positions in the classified service of the city as established by this charter at the time it takes effect shall retain their positions until discharged, reduced, promoted or transferred in accordance therewith." It then goes on to allege that "at the time said charter became effective and for a long time prior thereto, to-wit, ever since July 19, 1912, he was in the employ of defendant city in its police department, and had held the position of patrolman, and under the regulations of said department was, on August 10th, 1914, entitled to the salary provided for said position and length of service, to-wit, the sum of Eighty ($80.00) Dollars a month." It further alleges that rules and regulations for the classified service had not been adopted by the council on August 10, 1914, and that on and before the tenth of August, 1914, one Henry McColl was, under the provisions of said amended charter, the duly appointed, qualified and

acting commissioner of public safety in said city and as such was in charge and authority over its police department.

These allegations were all admitted by the defendant in its answer. The defendant, having admitted the ultimate facts pleaded in the complaint, cannot insist that the plaintiff must either plead or prove the subsidiary matters which go to make up the ultimate facts. It was, therefore, not necessary that the plaintiff should prove that he held a position in the classified service of the city, because facts were alleged in the complaint and admitted in the answer which clearly showed that he was in such classified service. Nor was it necessary that he should prove that the office was created by the city, or the fixing of the salary or that he had been validly appointed or that an appropriation had been made to pay his salary. These matters were necessarily conceded by the allegations admitted in the answer.

2. What has been said as to the failure of proof by the plaintiff applies with equal force to the assignment that the court erred in denying defendant's motion for a dismissal. The matters alleged in the complaint and admitted by the answer required no proof; the evidence as to the other facts was sufficient to establish the allegations made in the complaint.

3. The court instructed the jury that "it is claimed on the part of the city that the plaintiff acquiesced in his dismissal as policeman, and abandoned the place. * * * Acquiescence means, in effect, the giving up or abandonment of the claim which he had against the city for the fees or the emoluments of the position in question." Defendant asked for an additional charge as to the meaning of "acquiescence" and "abandoned the position."

The court during the progress of the trial had stated that he understood that "the only question for the jury is the acquiescence or abandonment," in answer to which defendant stated: "There are a number of questions here; that is the only question for the jury." The litigants seem to have treated the terms as interconvertible. In answer to defendant's suggestion for further instructions the court said: "Under the circumstances 'abandonment' and 'acquiescence' amounts to the same thing in this case." The learned trial court ruled correctly.

4. The testimony for the plaintiff tended to show the facts as hereinabove first set out. There was some evidence on the part of the defendant which tended to show that the plaintiff acquiesced in the dismissal and finally abandoned the office. There was evidence to show that plaintiff was not a man of means and that, while making efforts for reinstatement and using the influence of his friends to that end, he went into the bakery business. The verdict for the plaintiff negatives the theory that he abandoned the office or acquiesced in the discharge. It is fairly supported by the evidence. There is no question under the evidence that shortly before bringing this action the plaintiff finally abandoned any attempt to be reinstated, nor is there any doubt that he finally abandoned the office.

Other questions raised herein are disposed of by our decisions in Larsen v. City of St. Paul, 83 Minn. 473, 86 N. W. 459, and State v. McColl, 127 Minn. 155, 149 N. W. 11.

The order denying a new trial must be affirmed.

BROWN, C. J. (dissenting).

In my opinion the abandonment of the office and the acquiescence in the discharge conclusively appears from the evidence.