## JOHN P. EKBERG v. THEODORE E. JENSEN.[1]

November 13, 1925.

No. 25,051.

**Notice of election contest sufficient.**

The necessary statement in a contest notice under section 488, G. S. 1923, that the contestant is a voter may be made by implication.

See Elections, 20 C. J. p. 226, § 291.

John P. Ekberg appealed to the district court for Hennepin county from the action of the canvassing board declaring Theodore E. Jensen elected alderman of the city of Minneapolis. Inspectors of ballots appointed by the court having filed their report, the matter was heard by Waite, J., who ordered judgment in favor of John P. Ekberg. Theodore E. Jensen appealed from the judgment. Affirmed.

*Tom Davis, Ernest A. Michel* and *Mark J. McCabe,* for appellant.
*L. K. Eaton,* for respondent.

WILSON, C. J.

This appeal involves the sufficiency of a notice of contest made pursuant to section 488, G. S. 1923. The question is whether the notice shows that the contestant was a voter. Under the law he must be a voter in order to prosecute the contest. Hanson v. Village of Adrian, 126 Minn. 298, 148 N. W. 276.

The notice states that the contestant had been a resident in the Twelfth ward in the city of Minneapolis for 14 years last past; that he and the contestee were at the city primary on May 11, 1925, nominated as candidates for the office of alderman from said Twelfth ward; that they were the candidates for such office at the general election on June 8, 1925; that the canvassing board declared that contestant received at said election 4,688 votes and contestee 4,751

[1]Reported in 205 N. W. 702.

votes. Section 15, chapter 2, of the city charter adopted November 2, 1920, provides that all candidates for the city elections shall file their affidavit for such nomination in the same manner as provided in the general election law. That law provides that any party eligible, desiring to have his name placed upon the primary ballot, shall file his affidavit stating his residence and that he is a qualified voter in the subdivision where he seeks a nomination, etc. Section 297, G. S. 1923.

In this notice the direct allegation that he was a voter is not made, but it states facts from which there arises, by reasonable and necessary implication, the assertion that he was a voter. To say that he was a candidate at the regular election, in view of the necessary affidavit incident to the primary, includes the assertion that he was a voter. The fact that he was a candidate surviving the primary election under the statute, implies that he was a voter. While not a commendable practice, it was sufficient for the purpose of the notice.

Affirmed.