# IN RE APPEAL AND CONTEST OF G. S. OSBORNE.[1]

January 22, 1926.

No. 25,071.

**Findings of court in election contest sustained.**
In this, an election contest, evidence *held* sufficient to warrant the findings of the trial court and that the respondent, Osborne, received a majority of the legal votes and was duly elected.

Elections, 20 C. J. p. 248 n. 21.
Evidence, 22 C. J. pp. 329 n. 53 New; 425 n. 24.

G. S. Osborne appealed to the district court for Anoka county from the findings of the judges of election of the town of Fridley that Raymond Nelson was duly elected to the office of town supervisor. The appeal was heard by Giddings, J., who ordered judgment in favor of contestant. Raymond Nelson appealed from an order denying his motion for a new trial. Affirmed.

*Malberg & Nelson*, for appellant.
*Will A. Blanchard*, for respondent.

QUINN, J.
G. S. Osborne and Raymond Nelson were opposing candidates for the office of town supervisor of the town of Fridley, Anoka county, at the annual town meeting held on March 10, 1925. The poll list at that election was kept by the town clerk, acting as clerk of the meeting, from which it appears that 165 persons voted thereat. When the ballot box was opened by the judges of election, after the polls closed, it appeared that the ballot box contained 166 ballots, of which 83 were in favor of Osborne and 83 in favor of Nelson. Whereupon, the judges of election immediately proceeded to determine by lot which of such persons should be declared elected. The casting of the lot resulted in favor of Nelson, and the result thereafter announced by the clerk.

[1]Reported in 206 N. W. 947.

Osborne appealed to the district court and contested the election. At the hearing before the district judge, the election returns, including the poll list, were received in evidence. No other proof was offered as to the number of persons voting at the election. It was stipulated by the attorneys, in open court, as follows:

"It may be stipulated that this report, for the purpose of this case, is a true and correct record of what took place, and may be offered and received in evidence. * * * Further, that 83 ballots were cast and counted by the board for G. S. Osborne at this election, and that 83 votes were cast and counted by the board for the contestee, Nelson. * * * And it is further admitted that Exhibit A is one of the 83 ballots or votes cast and counted by the board for the contestee, Nelson."

It is admitted in appellant's brief that Amanda Grant voted at such election and that she was, at the time, not a legal voter in the town of Fridley. Mrs. Grant was then called as a witness and testified, under objection, that she voted for Nelson for supervisor.

Under these conditions of proof, the matter was submitted to the trial judge for decision. Thereafter the trial court made and filed findings and conclusions to the effect that both candidates were eligible to hold such office; that the contestant, G. S. Osborne, received a majority of the legal votes cast at said election for supervisor, and that as conclusions of law the contestant, G. S. Osborne, was duly elected to the office of supervisor of the town of Fridley, and ordered judgment accordingly.

The sole question to be determined on this appeal is whether the evidence warrants the findings and conclusions arrived at by the learned trial judge. We answer the query in the affirmative.

It was stipulated upon the trial that 83 votes were cast and counted for each of the candidates. This stipulation amounted to a judicial admission and is binding upon the parties. 22 C. J. 329. Matters admitted require no proof. Sclawr v. City of St. Paul, 132 Minn. 238, 156 N. W. 283; Dun. Minn. Trial Book, § 1271. The stipulation was made in apparent recognition of a failure on the part of the clerk to register one of the voters. Hence the verity of

the poll list must fail. Nelson having lost the Grant vote, the result is a majority vote for Osborne. The writer does not agree with the conclusion that the stipulation was made in recognition of the idea that there was a failure to register one of the voters, but rather that the report of the judges of election, including the poll list, *was a true and correct record of what took place at the election.*

Affirmed.