### ELI DANCULOVIC v. JOSEPH L. ZIMMERMAN.[1]

October 30, 1931.

No. 28,623.

Essling & Bundlie, for contestant-appellant.
Philip M. Stone and L. W. Wilson, for contestee-respondent.

[1]Reported in 238 N. W. 695.

HILTON, J.

This is an appeal from an order of the district court dismissing an election contest proceeding. The annual town meeting of the town of White, St. Louis county, was held on March 10; 1931. At the election held thereat respondent received 438 votes for the office of supervisor and appellant 423. The town had upwards of 2,000 inhabitants, had adopted the Australian ballot system, and held the election in accordance therewith. The dismissal was based on the ground that the court was without jurisdiction.

The only question involved is whether the general election contest law, G. S. 1923 (1 Mason, 1927) §§ 488–492, was applicable to that election. The holding was that it was not.

Section 488 provides in part:

"Any voter may contest the election of any person for or against whom he had the right to vote, who is declared elected to a state, county, or municipal office * * *."

In the election laws, G. S. 1923 (1 Mason, 1927) § 256, it is stated:

"Unless another meaning be clearly indicated by the context, the terms 'city' and 'village,' as used in this chapter, shall mean an incorporated city or village, and the latter shall include boroughs. 'Municipality' shall mean an incorporated place, and 'municipal corporation' shall include municipalities, counties, and towns. 'Council' shall mean the governing body of a municipality, and 'municipal election' the election of officers of a municipality."

We are interested in the meaning of the words "municipal office," "municipality," "municipal corporation," and "municipal election."

An "incorporated place" is either a city, village, or borough. A town is not such a place; neither is a county; each is an area as distinguished from a place. "Council" means the governing body of a municipality. That term is applicable only to an incorporated city, village, or borough; there is no such thing as a "council" of a county or of a town. The former is governed by a board of county commissioners, and the latter by a town board.

In § 256 a distinction is made between a municipality and a municipal corporation. The latter is the broader term. Cities, villages, boroughs, counties, and towns are municipal corporations, as is also a school district; but only the first three named are municipalities.

It is to be noted that municipalities as above defined are "incorporated"; but counties, towns, and school districts are "organized." However, each of them is a body corporate—a municipal corporation.

Section 256 specifically defines "municipal election" as the "election of officers of a municipality." A person elected thereat is elected to a municipal office. The election of such a person may be contested, as may also the election of a person to a state or county office. A town office is not included in the list.

A municipal officer is one who holds an office of a municipality. If it were intended that a municipal officer was any officer chosen in a municipal corporation, there was no necessity of using in § 488 the word "county," for a county is a municipal corporation. The inclusion of "county" and the exclusion of "town" manifestly shows that the legislature did not intend that the latter should be within the contest law.

For scores of years the officers of townships have been elected at what is called the "annual town meeting," held in March of each year. At such meeting the election of officers is but a part of the business conducted; 11 other matters of importance are attended to at annual town meetings. So in annual school meetings, held in July of each year, much business is transacted other than the election of officers. G. S. 1923, § 2793, as amended, 1 Mason, 1927, id; Mathison v. Meyer, 159 Minn. 439, 199 N. W. 173; Anderson v. Firle, 174 Minn. 333, 219 N. W. 284. General elections for state and county officers are held in November of even-numbered years.

The construction that we are here placing on the words heretofore considered is in accord with the popular and usual sense in which they have been used in this state for years.

The language of G. S. 1923 (1 Mason, 1927) § 495, that "the foregoing provisions of this chapter shall not apply to elections of town officers, nor, except those relating to the arrangements for voting at the polls  *   *   *   to village elections," is definite and clear. In the "foregoing provisions" is included § 488 here involved. In State ex rel. Village of Excelsior v. District Court, 107 Minn. 437, 120 N. W. 894, because § 488 was a later statute than § 495, villages were declared to be within the election contest law.

Again, § 489 provides for inspection of ballots after a contest has been instituted and authorizes a judge of the district court to appoint three persons, "if for a county or municipal office." Here again is a distinction made between a county office and a municipal office—between a county and a municipality; another significant inclusion of "county" and omission of "town."

Appellant calls attention to the fact that in each of two cases decided by this court a town election contest was involved. Johnson v. Slapp, 127 Minn. 33, 148 N. W. 593; In re Contest of Osborne, 166 Minn. 63, 206 N. W. 947. In neither of these cases was the question raised as to whether the contest act applied to towns. This is the first time it has ever been presented to this court. The situation is not an uncommon one in appellate courts. In Miller v. Maier, 136 Minn. 231, 161 N. W. 513, 2 A. L. R. 399, wherein was involved the corrupt practices act, no question as to its application to town elections was raised. Later in Anderson v. Firle, 174 Minn. 333, 219 N. W. 284, the question was raised. It was there decided that town elections were not within the scope of that act. An obiter suggestion made in the opinion on rehearing relative to a matter not involved need not be considered. 5 Dunnell, Minn. Dig. (2 ed. & Supp.) § 8820.

We hold that the election contest statute here involved does not apply to town elections, and the order of the district court is affirmed.

Affirmed.