WALFRED JOHNSON v. JULIAN F. DuBOIS.[1]

November 22, 1940.

No. 32,584.

---

[1] Reported in 294 N. W. 839.

*Conklin & Shively,* for appellant.
*L. L. Kells,* for respondent.

PETERSON, JUSTICE.

This is an election contest.

Contestant, contestee, and one Berggreen were candidates for director of the board of education of the school district of Sauk Centre at the annual meeting and election held pursuant to law on March 30, 1940, at which two directors were to be elected. The school district was organized under Sp. L. 1869, c. 92, and operates under that law and the amendments thereto.

Contestee and Berggreen were declared elected. Berggreen's election is conceded. The petition does not allege the number of votes cast for Berggreen. It alleges that the canvass and return showed that contestee received 401 and contestant 399 votes. Contestant asks for a recount. In the petition he definitely challenges two ballots cast at the election. One, which was counted for contestee, is challenged as being void upon the alleged ground that it was marked for all three candidates instead of for two only. This ballot contestant claims should be rejected. The second ballot, which it is claimed was marked for contestant, is challenged as having been counted for contestee. The ballot, it is claimed, should be taken from contestee and counted for contestant. A third ballot contestant claims was not counted. He alleges "that the poll list of voters shows a

total of at least one more voter than the total number of votes returned" and that he "desires a recount" so that all votes cast may be counted. He does not allege that any uncounted ballot was cast for him. If the allegations of the petition are true the two ballots challenged should not have been counted for contestee, thereby reducing the vote received by him to 399, and the second ballot should have been counted for contestant, thereby increasing his vote to 400. In that event contestant and not the contestee would have been elected. The prayer of his petition is that the court recount the votes and determine which of the parties to the contest was elected.

Contestant made a motion to have the contest placed for trial on the April, 1940, calendar of the district court of Stearns county, wherein the school district is situated. Contestee appeared specially and objected to the jurisdiction of the court to hear the contest. On April 13, 1940, the court below filed an order overruling contestant's motion and sustaining contestee's objections. In a memorandum attached to the order the court stated that decision was based on L. 1939, c. 345, Part 1, c. 1, § 2, 3 Mason Minn. St. 1940 Supp. § 601-1(1)a, which it construed as excluding school districts from the provisions of law authorizing election contests.

Subsequently contestant made an *ex parte* application for an order directing the manner and time of serving the notice of contest upon contestee and the board of education of the school district. On April 30, 1940, an order was filed denying the application upon the ground that the court was without jurisdiction.

The appeal is from both orders. We dismissed without opinion the appeal so far as it involved the order of April 13 upon the ground that the question had become moot before the appeal had been taken. Only the appeal so far as it relates to the order of April 30 is before us for decision.

The only question for decision is whether the district court has jurisdiction of a contest of a school district election. If that question is answered in the negative, there must be an affirmance.

■ The authority of courts to entertain election contests is purely statutory. Absent statutory authorization, the courts are without jurisdiction to hear and determine election contests. State ex rel. Narveson v. Village of McIntosh, 95 Minn. 243, 245, 103 N. W. 1017. If the statute did not authorize the court to entertain a school district election contest, it had no jurisdiction to hear the contest.

The election laws were revised and codified by L. 1939, c. 345, which became effective on August 1, 1939. The laws relating to school district elections are found in 1 Mason Minn. St. 1927, c. 14, which contains no provision authorizing a contest of school district elections. These were not affected by c. 345. The laws relating to elections and primaries were found in 1 Mason Minn. St. 1927, c. 6, in which were to be found the only provisions authorizing the contest of elections. These were § 488, relating to contests based upon irregularities in the conduct of elections, and § 570, relating to contests based upon violations by candidates of the corrupt practices act. Chapter 345 expressly repealed c. 6.

The general plan of c. 345 seems to have been first to define its scope and application and then to prescribe the rules of law applicable within the field of its operation as thus defined. There was a general repeal of existing statutes relating to elections. Part 12, §§ 1 and 2, 3 Mason Minn. St. 1940 Supp. §§ 601-12, 601-12a. Many provisions of c. 345 are the same as the law in force when it was enacted. Some provisions of existing law were incorporated in c. 345 without any change. Others were adopted in the new law without substantial change.

The scope of c. 345 was defined by provisions found in Part 1, c. 1, which so far as here material are [*Id.* §§ 601-1(1)a, 601-1(1)ii, 601-1(1)j].:

"Sec. 2. The word 'election', as used in this act, shall mean and include any election, *except those held in any school district,* at which the electors of the state or of any subdivision thereof nominate or choose by ballot public officials or decide any public question lawfully submitted to them." (Italics supplied.)

"Sec. 15. The word 'municipality' or 'municipalities', as used in this act, shall mean and include any city, village or borough.

"Sec. 16. The words 'municipal corporation', as used in this act, shall mean and include any municipality, county or town."

The effect of adopting the provisions of existing law was declared in Part 12, § 2, as follows:

"The provisions of this act, so far as they are the same as those of existing statutes, shall be construed as continuations thereof, and not as new enactments."

1 Mason Minn. St. 1927, § 488, was adopted without substantial change as Part 7, c. 1, § 7, of c. 345, 3 Mason Minn. St. 1940 Supp. § 601-7(1)f. This section authorizes a contest of an election to any state, county, or municipal office upon the grounds of irregularity in the conduct of the election. Such a contest may be instituted by any voter, which under the rule of Ekberg v. Jensen, 165 Minn. 116, 205 N. W. 702, includes a defeated candidate.

1 Mason Minn. St. 1927, § 570, which authorized a contest by 25 voters or a defeated candidate "on the ground of deliberate, serious and material violation" of the corrupt practices act, appears in the new law as Part 7, c. 1, § 1, 3 Mason Minn. St. 1940 Supp. § 601-7(1). This section authorizes contests based on the conduct of candidates in the election.

By defining an "election" to mean and include any election "except those held in any school district," school district elections were entirely excluded from the provisions of the act. The exception extends to all provisions thereof, including those relating to election contests. The subjects embraced in an exception clause are exempt from the operation of the statute. State, by Ervin, v. Goodman, 206 Minn. 203, 208, 288 N. W. 157.

It is urged, however, that while the definition standing alone operates so as to make the provisions of c. 345 authorizing the contest of elections inapplicable to school district elections, the reënactment of § 488 of the old law without substantial change discloses a legislative intention to provide for the contest of school district elections notwithstanding the definition. The argument is that under § 488 as construed by us school district election contests were authorized and that the reënactment of the section without substantial change was an adoption of that construction, giving it the force of law under the rule of cases like Christgau v. Woodlawn Cemetery Assn. 208 Minn. 263, 293 N. W. 619.

The argument is unavailing for at least two reasons. First, the section was not reënacted without change. True, the language of the reënacted section is substantially the same, and we hold that in effect it is the same, as § 488. Prior to the enactment of c. 345 there was no statute like Part 1, c. 1, § 2, thereof, defining an election as not including a school district election. Section 488 was not simply reënacted. It was adopted as part of a comprehensive statute containing a definition, which made the provisions of such statute inapplicable to school district elections. The reënactment was no different than if the reënacted section itself had contained an explicit provision that it should not apply to a school district election. Hence § 488 was carried forward in c. 345 limited by the provision excepting school district elections from the entire statute.

Secondly, our decisions have not construed § 488 as authorizing contests of school district elections. No case has been cited which sustains such a view. In Danculovic v. Zimmerman, 184 Minn. 370, 238 N. W. 695, a contest of an election to a town office, we construed § 488 as not authorizing the contest of town or school district elections. We there pointed out that the statute, 1 Mason Minn. St. 1927, § 256, distinguished between a municipal corporation and a municipality. The contest provisions applied only to municipalities. We held that a municipality did not include a town or a school district. We said (184 Minn. 372, 238 N. W. 696): "Cities, villages, boroughs, counties, and towns are municipal corporations, as is also a school district; but only the first three named are municipalities." The reasons for holding that § 488 did not authorize the contest of a town election applied with equal force to school districts. Under c. 345, the definition of a municipality is the same as in the Danculovic case, *supra,* but school districts are not mentioned in the list of municipal corporations. Cases in which the point was not raised are not in point. Such are Adams v. McMullen, 184 Minn. 602, 239 N. W. 594; In re Special Election in School Dist. No. 68, 183 Minn. 542, 237 N. W. 412; and Grimsrud v. Johnson, 162 Minn. 98, 202 N. W. 72. In the Danculovic case, 184 Minn. 370, 373, 238 N. W. 695, we called attention to two cases in which we passed on town election contests, where the point whether the statute permitted such contests was not raised. We held that such cases were not authority for the proposition that the statute should be construed as authorizing such contests.

It is obvious that there has been such confusion and uncertainty as to the right to contest a school district election under § 488 that the legislature had ample reason, if that were necessary, to clarify the matter and set it at rest by the definition in c. 345 excepting such elections from the operation thereof.

The case of Repsold v. Independent School Dist. No. 8, 205 Minn. 316, 285 N. W. 827, is not in point upon the question whether the reënactment adopted the prior construction. That case was decided after the passage but before the effective date of c. 345. It is not in point anyway. The school district there involved had been subject to Sp. L. 1891, c. 48, subchapter X, which among other things provided that the city of Rochester should constitute an independent school district. These provisions were adopted as c. 10 of the home rule charter of Rochester, of which we took judicial notice. Under the charter the provisions relating to elections are applicable to both the city and the school district alike. Section 9 thereof provides:

"All general laws of the State of Minnesota relating to elections and the preliminaries thereto, shall, so far as applicable, except as herein otherwise provided, apply to and govern all elections hereunder."

The plaintiffs in that case contended that the school district had not duly authorized the issuance of bonds by the vote required by law. The district contended that the requisite vote for the issuance of the bonds had been cast and that, if not, plaintiffs' exclusive remedy was by contest under § 488. It was assumed throughout that § 488 was applicable. The case was treated throughout without objection as one involving a city and not a school district election. We held that the plaintiffs' exclusive remedy was by contest of the election under § 488. The case is not in point here for the reasons that, as in some other cases cited above, the point of the right to contest a school district election under § 488 was not raised, and that the home rule charter of Rochester rendered the election contest provisions of the general laws applicable to the election there involved.

The contestee here calls attention to other laws *in pari materia* which support the views which we have stated. But we do not deem it necessary to add to the opinion.

Section 488 did not authorize the contest of school district elections. Therefore reënactment of that section without substantial change, if it stood alone, could not be held to authorize such a contest.

■ Contestant contends that if the district court does not have jurisdiction of contests of a school district election under Part 7, c. 1, § 7, of c. 345, for irregularities in the conduct of the election, it does not have jurisdiction under § 1 thereof permitting a contest for corrupt practices. The petition does not raise the question. It sets forth grounds for and demands a recount of the votes and nothing more. There were no allegations of any violations of the corrupt practices act by contestee. It is not claimed that any misconduct on his part had anything to do with the irregularities set forth in the petition. No relief was demanded against contestee based on violations of the corrupt practices act.

The fundamental difference between a contest for irregularities in the conduct of an election under § 7 and one for violations of the corrupt practices act under § 1 is that the former is based on the acts and omissions of those in charge of the election and the latter is based on the acts of the candidate or those for whom he is personally responsible. In no view of the matter can it be said that a petition which merely alleges irregularities by the election officials also alleges a violation of the corrupt practices act by the candidate.

The court below correctly held that it had no jurisdiction. Affirmed.