# TOM HANSON v. DOMENIC EMANUEL.[1]

April 2, 1941.

No. 32,897.

*James V. Abate* and *I. R. Galob,* for appellant (contestee).

*J. C. Henley,* for respondent (contestant).

[1]Reported in 297 N. W. 176.

PER CURIAM.

In an election contest case the district court made and filed an order on January 21, 1941, that the contestant, Tom Hanson, was entitled to judgment that he was duly elected to the office of trustee of the village of Keewatin for the three-year term commencing on the first secular day in January, 1941, and that the contestee, Domenic Emanuel, was not elected to said office for the term mentioned. On February 20, 1941, an order was made and filed denying the contestee's motion for amended findings and conclusions of law or for a new trial. The appeal to this court was taken more than five days and within 30 days after the filing of the order below.

The respondent in this court moves to dismiss the appeal upon the grounds (1) that it was not taken within the time provided by law for taking an appeal, and (2) that the bond filed by the appellant is insufficient for the reason that one of the sureties is an attorney of record in the case.

■ Respondent contends that the time within which an appeal must be taken is five days after notice of the filing of the order in virtue of L. 1939, c. 345, Part 7, § 5 (3 Mason Minn. St. 1940 Supp. § 601-7[1]d), the fifth clause of which reads:

"Either party may appeal to the supreme court from the determination of the district court in accordance with the provisions of section 9 of this chapter, within five days after notice of filing the decision."

Appellant contends that the cited section refers exclusively to contests of election to the office of senator or representative in the state legislature and is inapplicable to the instant case. He contends that the time within which to take an appeal in the instant case is governed by 2 Mason Minn. St. 1927, §§ 9497 and 9498, which provides that an appeal from an order shall be taken within 30 days.

Section 5 relates exclusively to election contests involving legislative offices and has no application to the instant case. The con-

test in the instant case was initiated under § 7 of Part 7. This section is the same as 1 Mason Minn. St. 1927, § 488. Johnson v. DuBois, 208 Minn. 557, 294 N. W. 839. Section 9 of Part 7 authorizes an appeal to this court from "the determination" of the district court in an election contest instituted under § 7. Section 9 is the same as 1 Mason Minn. St. 1927, § 490.

An election contest is a special proceeding and not a civil action. Ford v. Wright, 13 Minn. 480 (518). See 2 Dunnell, Minn. Dig. (2 ed.) § 2979. Section 7 provides that an election contest shall be tried and determined in the same manner as a case tried by the court. In a case tried by the court, where there is a determination upon the merits, the court is required to make findings of fact and conclusions of law under 2 Mason Minn. St. 1927, § 9311. The determination is by the judgment entered pursuant to the findings and conclusions. 6 Dunnell, Minn. Dig. (2 ed. & Supps.) §§ 9846-9849. Where a special proceeding is required to be tried and determined as a civil action, the rules applicable to the latter apply. For example, findings of fact and conclusions of law and a judgment are required in *mandamus,* which is a special proceeding, in virtue of the statute that it be tried as a civil action, State ex rel. Boldt v. St. Cloud Milk Producers' Assn. 200 Minn. 1, 273 N. W. 603; State ex rel. Mortensen v. Copeland, 74 Minn. 371, 77 N. W. 221; likewise, in an appeal in a drainage proceeding involving damages awarded to a landowner. Prahl v. County of Brown, 104 Minn. 227, 116 N. W. 483.

Where a final order is determinative of the questions involved in a special proceeding, no further order or judgment is necessary. An appeal lies only from a final order determinative of a special proceeding although it contains a direction for entry of judgment. Such an order is a final order affecting a substantial right in a special proceeding within the meaning of 2 Mason Minn. St. 1927, § 9498(7), which authorizes an appeal in such cases. In re Trusteeship Under Will of Rosenfeldt, 184 Minn. 303, 238 N. W. 687. Where, however, a special proceeding is to be tried and determined as a civil action, an appeal lies from either an order deny-

ing a motion for new trial or the judgment. State ex rel. Board of Co. Commrs. v. McKellar, 92 Minn. 242, 99 N. W. 807 *(mandamus)*.

These rules have been applied in election contest cases. The appeal in Prenevost v. Delorme, 129 Minn. 359, 152 N. W. 758, was from a judgment, and in Moon v. Harris, 122 Minn. 138, 142 N. W. 12, from an order denying a motion for new trial. These cases arose under the prior statute, which is the same as that here involved.

Since §§ 7 and 9 are a reënactment of 1 Mason Minn. St. 1927, §§ 488 and 490, respectively, we think that they should receive the same construction and that the same procedure should prevail as under the prior law. See Johnson v. DuBois, 208 Minn. 557, 294 N. W. 839. Hence we are of the opinion that an appeal under § 5 in a case involving the contest of an election to a legislative office should be taken within five days after notice of filing of the decision, and that an appeal under § 9 in a case involving the contest of an election to other offices should be taken within the time allowed for appealing from an order denying a motion for new trial or from the judgment as the case may be. The appeal in the instant case was taken within the time provided by law for an appeal from an order denying a motion for new trial.

■ After the motion to dismiss was made the appellant filed a new bond with proper sureties in place of the original bond. This obviates the objection that the attorney was a surety in the first bond. Schuek v. Hagar, 24 Minn. 339.

■ The respondent having served a notice of hearing on appeal pursuant to § 9 of Part 7 of c. 345, it is ordered that the appeal be set for hearing in this court on April 14, 1941.

Motion to dismiss appeal denied.

Motion to set case for hearing granted.