## STATE, DEPARTMENT OF HIGHWAYS, v.
## MICHAEL WILLIAM O'CONNOR.

183 N. W. (2d) 574.

January 29, 1971—No. 42484.

*Douglas M. Head,* Attorney General, *Eric B. Schultz,* Deputy Attorney General, and *Frederick S. Suhler, Jr.,* Special Assistant Attorney General, for appellant.

*Grannis & Grannis* and *Thomas J. Campbell,* for respondent.

Heard before Knutson, C. J., and Nelson, Otis, Peterson, and Frank T. Gallagher, JJ.

FRANK T. GALLAGHER, JUSTICE.

Appeal from an order of the municipal court of South St. Paul rescinding a proposed order of the commissioner of highways which would revoke respondent's driver's license.

On November 14, 1969, the commissioner of highways received a certificate of one Peter F. Poppler, a police officer of Eagan Township, alleging that on November 4, 1969, Poppler had reasonable grounds to believe that respondent, Michael William O'Connor, was driving while under the influence of an alcoholic beverage; that Poppler had arrested O'Connor for that offense; and that O'Connor had refused any chemical test to determine the alcoholic content of his blood. The commissioner mailed to

O'Connor a notice of intention to revoke his driving privileges on November 14, 1969 (Minn. St. 169.123, subd. 5). On December 3, 1969, O'Connor requested a hearing on the proposed order of revocation (§ 169.123, subds. 5, 6), and on motion the municipal court ordered that the action be dismissed with prejudice and that the proposed order of revocation be rescinded. The Department of Highways appeals to this court.

Although the trial court attached no memorandum to its order dismissing the proposed revocation, it appears that the decision was based on two grounds: (1) The provisions of Minn. St. 169.123, subd. 1, preclude a police officer of the township of Eagan from being a proper party to invoke the provisions of the statute; and (2) from pretrial disclosures it appeared that the state would be unable to establish that O'Connor had been informed of his "right to a physician" prior to being requested to take a blood-alcohol test (§ 169.123, subd. 3), and, as a consequence, the state was not entitled to invoke the statute.

Minn. St. 169.123, subd. 1, defines "peace officer" as follows:

"For purposes of Laws 1961, Chapter 454 [implied consent], the term peace officer means a state highway patrol officer or full time police officer of any *municipality* or county having satisfactorily completed a prescribed course of instruction in a school for instruction of persons in law enforcement conducted by the university of Minnesota or a similar course considered equivalent by the commissioner of public safety." (Italics supplied.)

This definition is important in determining who is authorized to direct the administration of the test (§ 169.123, subd. 2) and who may certify refusal to take the test to the commissioner of highways (§ 169.123, subd. 4).

The issue for our determination is whether the township of Eagan is a "municipality" for the purposes of Minn. St. 169.123, subd. 1.

Respondent O'Connor correctly points out that the statute

defining "peace officer" does not specifically include an officer of a "township" and argues that the term "municipality" does not include "township." The trial court accepted this contention.

The state contends that the term "municipality" is ambiguous and must be construed to include "township" to avoid an absurd result in the operation of the statute. To support this claim of ambiguity the state cites instances in which the legislature has broadly defined municipality to include town (§ 360.013, subd. 20) or town or township (§ 327.14, subd. 4) and other instances in which the legislature has more narrowly defined municipality to include only "city, village, or borough" (§ 161.171, subd. 4) or "city, village, borough, public corporation" (§ 340.07, subd. 11).

The latter two definitions cited by the state appear to be in conformity with the distinction which this court has accepted and to which it now adheres.

In Danculovic v. Zimmerman, 184 Minn. 370, 238 N. W. 695, a case involving an election contest, this court held that the legislature had so limited the definition of municipality as to exclude an election held in a "town" from the scope of statutory review. Respondent cites the case as conclusive authority for the following proposition:

"* * * Cities, villages, boroughs, counties, and towns are municipal corporations, as is also a school district; but only the first three named are municipalities." (184 Minn. 372, 238 N. W. 696.)

The court in Danculovic continued:

"The construction that we are here placing on the words heretofore considered is in accord with the popular and usual sense in which they have been used in this state for years." (184 Minn. 372, 238 N. W. 696.)

We view the above definition of "municipality" *so as not to include "township"* as the general rule, which the legislature may

vary whenever it undertakes to define the term differently. Accordingly, we hold that the trial court was correct in its view that the term "municipality" in § 169.123, subd. 1, does not include "township."

Because the first reason cited by the trial court for granting dismissal is dispositive of this case, we decline to discuss the second issue.

Affirmed.